UNITED STATES of America,
Appellee,

v.

Darberto GARCIA, also known as "Mike", also known as Sealed Deft. # 1; Marcello Martinez, also known as "Marc", also known as Sealed Deft. # 5; Robert Mister, also known as "Bob", also known as "Papa", also known as Sealed Deft. # 6, also known as Rose Mister, also known as Sealed Deft. # 7; Steven Mister, also known as Sealed Deft. # 8; Richard Mister, also known as "Richie", also known as Sealed Deft. # 9; Milton Howell, also known as "Shotgun", also known as Sealed Deft. # 11; Gregory Schnepf, also known as "Greg", also known as Sealed Deft. # 12; Brian Martinez, Defendants,

Diogenes Rosario, also known as "D", also known as Sealed Deft. # 2, Defendant–Appellant.

No. 03–1713–CR.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Diogenes A. Rosario, for Appellant, pro se.

Elizabeth S. Riker, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York), Syracuse, NY, for Appellee, of counsel.

Present: Hon. Richard J. CARDAMONE, Hon. Pierre N. LEVAL, and Hon. Robert D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

Defendant-appellant Diogenes Rosario, *pro se,* appeals from an October 27, 2003 judgment of the United States District Court for the Northern District of New York denying his two motions to amend his earlier motion for reconsideration of that court's denial of his post-judgment motion to dismiss his indictment for lack of jurisdiction. While Rosario appears to challenge four district court orders, his notice of appeal is timely only as to the two orders entered on October 27, 2003, denying his two motions to amend his prior motion for reconsideration. See Fed. R.App. P. 4(b)(1). See also Nelson v. Walker, 121 F.3d 828, 832 n. 2 (2d Cir. 1997).

Rosario argues that the district court lacked jurisdiction to try and convict him because the statutes he was convicted under, 21 U.S.C. §§ 841 & 846, are unconstitutional. This Court has explicitly upheld the constitutionality of the Comprehensive Drug Abuse Prevention and Control Act of 1970, of which §§ 841 and 846 are a part. *See United States v. Genao,* 79 F.3d 1333, 1335–37 (2d Cir.1996). The district court therefore clearly had jurisdiction to entertain an indictment that charged Rosario

with violating §§ 841 and 846, and did not err in denying Rosario's motions to amend his motion to dismiss for lack of jurisdiction.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.